UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MERCHANT ADVISORY GROUP, a Texas non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MERCHANTS ADVISORY GROUP, LLC, a Wyoming limited liability company,<br><br>Defendant. | Civil No. _____<br><br>COMPLAINT<br><br>(Jury Trial Demanded) |

Plaintiff Merchant Advisory Group ("MAG" or "Plaintiff"), for its complaint against defendant Merchants Advisory Group, LLC ("MA, LLC" or "Defendant") alleges as follows:

## SUMMARY OF ACTION

1. Plaintiff MAG is a leader in the payments industry, well known for its advocacy of merchants' interests. MAG has been using the trademarks MERCHANT ADVISORY GROUP and MAG MERCHANT ADVISORY GROUP (Stylized) (collectively, the "Marks") at least as early as 2007 and owns federal trademark registrations for the Marks.

2. Defendant MA, LLC is a recently-formed limited liability company that has been improperly using MAG's trademark "MERCHANTS ADVISORY GROUP" to advertise and offer overlapping services to MAG's customers. MA, LLC also uses the

trademark "MAG" to refer to its company and encourages others to do the same (MA, LLC's uses of the Marks are collectively referred to herein as the "Infringing Use").

3. Defendant MA, LLC has improperly used Plaintiff's Marks to gain an unfair and unlawful competitive advantage over MAG, and to usurp and interfere with MAG's business relationships and goodwill in the field of payment card compliance. Plaintiff seeks (I) injunctive relief to stop Defendant MA, LLC's wrongful conduct, and (II) monetary damages to compensate Plaintiff for the harm it has sustained as a consequence of MA, LLC's Infringing Use of the Marks.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over the claims in this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a), and supplemental subject matter jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) in that, *inter alia*, (i) MAG has its principal place of business in this District, and, thus, has sustained injury in this District; and (ii) a substantial portion of the events described in this complaint took place in this District.

## PARTIES

6. Plaintiff MAG is a non-profit corporation formed under the laws of the State of Texas in December of 2007 and has its principal place of business at 4248 Park Glen Road in Minneapolis, MN 55416.  MAG engages in business and provides services throughout the United States, including in Minnesota.

7. Defendant MA, LLC is a limited liability company formed under the laws of the State of Wyoming in October of 2013. MA, LLC's principal place of business is located at 109 E 17th St., Ste 4, Cheyenne, WY 82001. It may be served through its registered agent, 29dollaragent.com, Inc., also located at 109 E 17th St., Ste 4, Cheyenne, WY 82001.

8. Defendant MA, LLC provides merchant business integration services in the area of electronic payment processing, and actively promotes its services nationwide, including in Minnesota, through its website: http://www.magconsultants.com.

## **GENERAL BACKGROUND**

9. Plaintiff MAG is the leading organization shaping the future of payments acceptance. MAG is the only cross-industry merchant trade association exclusively focused on payments, and, in rendering its services, gives a competitive advantage to its members.

10. MAG was established in 2005 by a group of large merchants. Initially, MAG established committees that focused on issues related to charge back processing, forms of debit payment, credit and debit card fraud, data security and operating issues related to card acceptance. Members gained valuable information by networking with industry peers. Best practices were shared in all areas of payments acceptance. MAG eventually established relationships with all major card networks. Notably, MAG provided a strong merchant voice in establishing reasonable requirements and timelines for the implementation of Payment Card Industry ("PCI") security standards (*i.e.*, the set of security standards that all merchants dealing with credit card transactions from the PCI

member brands – currently, Visa, MasterCard, American Express, JCB International and Discover – must meet).  In early 2008, MAG incorporated as a 501(c)(6) corporation, elected a Board of Directors, and began operating as an independent non-profit corporation.

11. MAG sought sponsorships from prominent merchant acquirers as well as the major card networks and received encouraging responses.  Most large acquirers as well as Visa, MasterCard, American Express and Discover are now sponsors and actively participate in MAG-led forums focused on the PCI, Chip & PIN and emerging payments and technologies.  More recently, PIN-debit networks have also joined as MAG sponsors.

12. MAG is well known in the industry, and enjoys a good reputation among both merchants and partners for its quality trade association services and its commitment to assisting merchants in the payments industry.  MAG advertises its trade association services through the website viewable at http://www.merchantadvisorygroup.org.

## PLAINTIFF'S TRADEMARKS

13. Plaintiff MAG has used its "MERCHANT ADVISORY GROUP" trademark at least as early as December 2007, almost five full years before Defendant MA, LLC was even organized.  Through such use, MAG has acquired broad common-law rights in this Mark.

14. In addition to its common law rights in the "MERCHANT ADVISORY GROUP" Mark, MAG has registered "MERCHANTS ADVISORY GROUP" as a federal trademark with the United States Patent and Trademark Office.  MAG's exclusive ownership and right to use the "MERCHANT ADVISORY GROUP" trademark is

reflected in U.S. Registration No. 4,484,659. A genuine, true and correct copy of U.S. Registration No. 4,484,659 is attached hereto as **Exhibit A**.

15. U.S. Registration No. 4,484,659 is registered for "trade association services, namely, promoting the interests of members in relation to the payments industry."

16. U.S. Registration No. 4,484,659 is valid and subsisting, and confirms that Plaintiff's first use in commerce of the "MERCHANT ADVISORY GROUP" trademark occurred in December of 2007.

17. Plaintiff's "MAG MERCHANT ADVISORY GROUP" (Stylized) trademark has been in use at least as early as December 2007. By virtue of such use, Plaintiff MAG acquired broad common-law rights in this Mark.

18. In addition to its common law rights, MAG's exclusive ownership and right to use the "MAG MERCHANT ADVISORY GROUP" (Stylized) trademark is reflected in U.S. Registration No. 4,484,660 issued by the United States Patent and Trademark Office. A genuine, true and correct copy of U.S. Registration No. 4,484,660 is attached hereto as **Exhibit B**.

19. U.S. Registration No. 4,484,660 is registered for "trade association services, namely, promoting the interests of members in relation to the payments industry."

20. U.S. Registration No. 4,484,660 is valid and subsisting, and confirms that Plaintiff's first use in commerce of the "MAG MERCHANT ADVISORY GROUP" (Stylized) trademark occurred in December of 2007.

21. Continuously and without interruption, since its first use of the MERCHANT ADVISORY GROUP and MAG MERCHANT ADVISORY GROUP (Stylized) trademarks, Plaintiff has expended a great deal of time, effort, and money in the promotion of these Marks.  Because of Plaintiff's extensive promotional activities involving the rendering of trade association services under the MERCHANT ADVISORY GROUP and MAG MERCHANT ADVISORY GROUP (Stylized) trademarks, the public has come to recognize services offered under the MERCHANT ADVISORY GROUP and MAG MERCHANT ADVISORY GROUP (Stylized) Marks as quality trade association services offered by Plaintiff.

22. The MERCHANT ADVISORY GROUP and MAG MERCHANT ADVISORY GROUP (Stylized) trademarks are distinctive to Plaintiff's trade association services and, over the years, the Marks have acquired a strong secondary meaning. The public recognizes the MERCHANT ADVISORY GROUP and MAG MERCHANT ADVISORY GROUP (Stylized) trademarks as distinguishing Plaintiff's trade association services from those of others.  As a further consequence of Plaintiff's advertising, marketing, and promotional efforts, and the high quality maintained for Plaintiff's services, the MERCHANT ADVISORY GROUP and MAG MERCHANT ADVISORY GROUP (Stylized) trademarks have come to be, and are now, well known amongst the relevant public, particularly in the field of payment card compliance.  As a result, Plaintiff has strong trademark rights in the MERCHANT ADVISORY GROUP and MAG MERCHANT ADVISORY GROUP (Stylized) trademarks.

## **DEFENDANT'S WRONGFUL CONDUCT**

23. Without Plaintiff's knowledge or consent, commencing in 2013 and continuing through today, Defendant MA, LLC began using the trademarks MERCHANTS ADVISORY GROUP and MAG to describe its payment processing services for merchants.

24. True and correct copies of relevant pages from http://www.magconsultants.com reflecting Defendant's use of Plaintiff's Marks are attached hereto as **Exhibit C**.

25. Plaintiff has sent several letters to Defendant informing the latter of its infringement of Plaintiff's Marks. In those letters, Plaintiff MAG demanded that Defendant MA, LLC immediately cease any and all use of the Marks. Genuine, true and correct copies of the demand letters sent by Plaintiff to Defendant are annexed hereto as **Exhibit D**.

26. To date, Defendant MA, LLC has failed and refused to cease using Plaintiff's Marks.

## **COUNT I**

### **Infringement of Federally Registered Marks**
### **(15 U.S.C. § 1114, et al.)**

27. Plaintiff repeats and realleges paragraphs 1 through 26 above as if set forth in their entirety at this point in the Complaint.

28. Defendant MA, LLC's use of Plaintiff's Marks violates 15 U.S.C. § 1114.

29. By reason of the foregoing, Plaintiff is entitled to judgment against Defendant MA, LLC for Defendant's infringement of MAG's U.S. Registration No. 4,484,659 for the Mark "MERCHANT ADVISORY GROUP" issued February 18, 2014, a true and correct copy of which registration is attached hereto as Exhibit A, and U.S. Registration No. 4,484,660 for the mark "MAG MERCHANT ADVISORY GROUP (Stylized)" issued February 18, 2014, a true and correct copy of which registration is attached hereto as Exhibit B.

30. Accordingly, Plaintiff MAG seeks judgment against Defendant MA, LLC providing for:

(I) injunctive relief prohibiting Defendant MA, LLC from making any use whatsoever of the Marks or of any colorable imitation of the Marks [15 U.S.C. § 1116];

(II) Plaintiff's recovery of all profits, damages and costs of this action against Defendant MA, LLC as authorized by 15 U.S.C. § 1117(a), or, alternatively and at Plaintiff's election, statutory damages as permitted by 15 U.S.C. § 1117(c);

(III) the destruction of all infringing articles [15 U.S.C. § 1118];

(IV) an award of treble damages [15 U.S.C. § 1117(a) & (b)]; and

(V) an award of costs and attorneys' fees incurred in bringing this action [15 U.S.C. § 1117(a)].

## COUNT II

### False Association
### (15 U.S.C. § 1125(a))

31.     Plaintiff repeats and realleges paragraphs 1 through 30 above as if set forth in their entirety at this point in the Complaint.

32.     The Marks are "famous," as defined in 15 U.S.C. § 1125(c)(2)(A).

33.     Defendant MA, LLC's use of the Marks is likely to cause confusion, or to cause mistake, or to deceive others as to the affiliation, connection, or association of Defendant MA, LLC with Plaintiff MAG, or to cause confusion or mistake or to deceive others as to the origin, sponsorship, or approval of Defendant MA, LLC's goods, services, or commercial activities.

34.     Defendant MA, LLC's use of the Marks in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of MA, LLC's and Plaintiff's goods, services, or commercial activities.

35.     By reason of the foregoing, Plaintiff MAG asserts a claim against Defendant for actual damages pursuant to 15 U.S.C. § 1125(a)(1)(A) & (B).

36.     Defendant MA, LLC's use of the Marks or similar marks or tradenames causes dilution by blurring and dilution by tarnishment of Plaintiff's famous Marks.

37.     Defendant MA, LLC willfully engaged in the blurring or tarnishment of Plaintiff's Marks.

38. Accordingly, pursuant to 15 U.S.C. § 1125(c)(1), Plaintiff MAG is entitled to injunctive relief barring Defendant MA, LLC from using the Marks or similar marks or tradenames to prevent such blurring and tarnishment.

### COUNT III

**Common Law Trademark Infringement**
**(Minnesota Common Law)**

39. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 38 herein as if set forth in their entirety at this point in the Complaint.

40. This claim arises under the common law of the State of Minnesota relating to trademark infringement.

41. As set forth in the preceding paragraphs of this Complaint, by virtue of its extensive advertisement and sales of services under the MERCHANT ADVISORY GROUP and MAG MERCHANT ADVISORY GROUP (Stylized) trademarks, and all designs, symbols, and logos incorporating such trademarks (the "Common Law Trademarks"), Plaintiff is the owner of all right, title, and interest in and to such Common Law Trademarks.

42. The marketing, advertising and promotional activities of Defendant incorporated Plaintiff's MERCHANT ADVISORY GROUP and MAG trademarks. Such unauthorized use by Defendant of Plaintiff's MERCHANT ADVISORY GROUP and MAG trademarks and designs, symbols, and logos incorporating such trademarks constitutes trademark infringement.

43. Further, Defendant's unauthorized use of the Marks and Common Law Trademarks is likely to cause confusion and mistake in the minds of the trade and the relevant public as to the source and/or affiliation of services and to cause members, partners, and others to believe such services are those of Plaintiff MAG's, or are sponsored by or otherwise affiliated with Plaintiff MAG, when, in fact, they are not.

44. Upon information and belief, Defendant MA, LLC has appropriated one or more of Plaintiff MAG's Common Law Trademarks, has caused confusion, mistake, and deception as to the source of its services and has palmed off its services as those of Plaintiff, and as such, Defendant has committed trademark infringement under Minnesota common law.

45. By such actions in infringing Plaintiff's Marks and Common Law Trademarks, Defendant has improperly traded upon the enviable reputation and goodwill of Plaintiff and is impairing Plaintiff's valuable rights in and to such trademarks.

46. Defendant committed the above acts in willful disregard of Plaintiff's rights. Accordingly, Plaintiff MAG is entitled to recover its actual damages pursuant to the common law of the State of Minnesota.

47. Defendant did not engage in the above-described wrongful actions out of any sincere or proper motive, but did so knowingly, willfully, and oppressively, with the intent to appropriate to itself without compensation what it knew to be MAG's valuable rights. Said conduct is also fraudulent, in that it was intended to falsely lead and induce the public to believe that MAG consented to such commercial use of its Marks and

Common Law Marks, and that MAG was associated with and approved Defendant's unauthorized conduct and Defendant's services.

48. Plaintiff MAG has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendant MA, LLC.  Plaintiff MAG has been damaged by, and Defendant MA, LLC has profited from, MA, LLC's wrongful conduct in an amount to be proven at trial.

49. By reason of the foregoing, MAG further asserts a claim against Defendant MA, LLC for injunctive relief, and for the recovery of its costs and attorneys' fees pursuant to Minnesota common law.

## COUNT III

### Common Law Unfair Competition
### (Minnesota Common Law)

50. Plaintiff repeats and realleges paragraphs 1 through 49 above as if set forth in their entirety at this point in the Complaint.

51. This claim arises under the common law of the State of Minnesota relating to unfair competition.

52. Plaintiff MAG owns all right, title, and interest in and to Plaintiff's Common Law Trademarks as set forth in the preceding paragraphs of this Complaint.

53. The marketing, advertising and promotional activities of Defendant MA, LLC incorporated Plaintiff's Marks and Common Law Trademarks. Defendant's unauthorized use of Plaintiff's Marks and Common Law Trademarks constitutes unfair competition, and is likely to cause confusion and mistake in the minds of the trade and

the purchasing public as to the source of the services and to cause potential clients and partners to believe that such services are provided by or associated with Plaintiff MAG, when, in fact, they are not.

54. Upon information and belief, Defendant has appropriated one or more of Plaintiff's Common Law Trademarks, has caused confusion, mistake, and deception as to the source of its services and has palmed off its services as those of Plaintiff, and as such, Defendant has committed unfair competition under Minnesota common law.

55. By such actions in infringing Plaintiff's MERCHANT ADVISORY GROUP trademark, Defendant improperly traded upon the enviable reputation and goodwill of Plaintiff MAG and impaired and continues to impair Plaintiff's valuable rights in and to such trademarks.

56. Defendant committed the above alleged acts in willful disregard of Plaintiff's rights. Accordingly, Plaintiff is therefore entitled to damages pursuant to the common law of the state of Minnesota.

57. Defendant did not engage in the above-described wrongful actions out of any sincere or proper motive, but did so knowingly, willfully, and oppressively, with the intent to appropriate to itself without compensation what it knew to be MAG's valuable rights. Said conduct is also fraudulent, in that it was intended to lead the public into believing falsely that MAG consented to such commercial use of its marks, and that MAG was associated with and approved of Defendant MA, LLC's conduct and services.

58. Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendant. Plaintiff has been damaged by,

and Defendant has profited from, Defendant's wrongful conduct in an amount to be proven at trial.

59. By reason of the foregoing, MAG asserts a claim against Defendant MA, LLC for injunctive or monetary relief, and for recovery of its costs and attorneys' fees pursuant to Minnesota common law.

### COUNT IV

### Deceptive Trade Practices
### (Minn. Stat. § 325D.44)

60. Plaintiff repeats and realleges paragraphs 1 through 59 above as if set forth in their entirety at this point in the Complaint.

61. As described above, Defendant MA, LLC engaged in a deceptive trade practice when, in the course of business, it used Plaintiff's Marks and Common Law Trademarks in association with Defendant MA, LLC's competing business.

62. Defendant's unauthorized use of Plaintiff MAG's Marks and Common Law Trademarks has created a likelihood of confusion or of misunderstanding as to the source, sponsorship or approval of Defendant MA, LLC's services, and has created a likelihood of confusion or of misunderstanding by falsely implying that Defendant MA, LLC has an affiliation, connection, or association with Plaintiff MAG.

63. Defendant's acts, as described above, constitute deceptive trade practices in violation of Minn. Stat. § 325D.44.

64. As a direct and proximate result of the wrongful acts of Defendant, Plaintiff MAG has suffered and continues to suffer damage to its business reputation and

goodwill. Unless restrained, Defendant MA, LLC will continue to engage in deceptive trade practices that will cause Plaintiff to sustain irreparable damage. Plaintiff has no adequate remedy at law.

65. Plaintiff is entitled to an injunction restraining Defendant, its officers, agents, members and employees, and all persons in active concert or participation with them from engaging in any deceptive trade practices that prevent or otherwise interfere with Plaintiff MAG's rights with respect to the Marks and Common Law Trademarks.

66. Plaintiff is also entitled to recover its reasonable attorneys' fees and costs incurred in bringing this action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Merchant Advisory Group demands judgment in its favor and against Defendant Merchants Advisory Group, LLC awarding the following relief:

a. Enjoining Defendant, and its members, agents and officers, as well as all other persons acting in active concert or participation with them from using Plaintiff's Marks and Common Law Marks in connection with any products or services or in connection with the marketing, distribution or advertising of any products or services, including, without limitation, the Infringing Use;

b. Enjoining Defendant and all those acting in active concert or participation with it from using any of Plaintiff's Marks or Common Law Marks, or any

trademark confusingly similar thereto, for the purpose of selling, distributing, marketing, advertising and/or licensing any goods or services;

   c. Requiring Defendant to deliver all advertising, merchandise, promotional materials, brochures, mailers, or any other items of any kind or nature bearing any or all of Plaintiff's Marks or Common Law Trademarks and all other items that are confusingly similar to Plaintiff's trademarks to Plaintiff for destruction or other disposition by Plaintiff;

   d. Requiring Defendant to account to Plaintiff for all revenues received by Defendant from all services sold because of, or in any way connected with, the Infringing Use from the inception of said sales to the date of judgment herein;

   e. Awarding Plaintiff recovery of its compensatory, general damages and/or statutory damages proved at trial;

   f. Awarding Plaintiff recovery of treble damages against Defendant for its willful conduct;

   g. Awarding Plaintiff recovery of all profits received by Defendant as a result of Defendant's Infringing Use of Plaintiff's Marks and Common Law Marks;

   h. Awarding Plaintiff recovery of its costs and attorneys' fees incurred in bringing this action;

   i. Awarding Plaintiff recovery of pre-judgment and post-judgment interest on any monetary award; and

   j. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury on all claims to which a right to jury trial exists under law.

Dated:  September 9, 2014.

        Respectfully submitted,

        DADY & GARDNER, P.A.

        By:  /s/ *Barbara A. Bagdon*
            Barbara A. Bagdon
            Minnesota State Bar No. 0386452
        5100 IDS Center, 80 South 8th Street
        Minneapolis, MN 55402
        Telephone:  (612) 359-9000
        Facsimile:  (612) 359-3507
        Email:  bbagdon@dadygardner.com


        OWENS, CLARY & AIKEN, L.L.P.

        By:  /s/ *Robert Clary*
            Robert Clary
            Texas State Bar No. 04325300
        (*pro hac vice admission pending*)
        700 North Pearl, Suite 1600
        Dallas, Texas  75201
        Telephone:  (214) 698-2100
        Facsimile:  (214) 698-2121
        Email:  rjclary@oca-law.com


        ATTORNEYS FOR PLAINTIFF